## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANAL INSURANCE COMPANY** | : | **CIVIL ACTION NO. 1:05-CV-2194** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL COX TRUCKING, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the court is the motion to dismiss (Doc. 12) of defendant

Andrew David Kurey, Jr. ("Kurey").  Kurey argues that this case is unnecessarily

duplicative of a state action currently pending in Huntingdon County, Pennsylvania

(hereinafter "the underlying case"),[1] and that the court should decline to exercise

jurisdiction.  For the following reasons, the court concludes that declining

jurisdiction is not warranted, and the motion will be denied.

## I.    <u>Statement of Facts</u>[2]

This case arises from a one-vehicle accident in which Kurey was injured

while a passenger in a tractor-trailer operated by defendant Paul Cox, Jr. ("Cox").

On the day of the accident, Cox had agreed to transport a load of pretzels for

---

[1] See <u>Kurey v. Cox & Class 1 Transport, Inc.</u>, No. 2004-CV-431 (Pa. Ct. Com. Pl. Huntingdon County Apr. 12, 2004).

[2] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint.  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

defendant Class 1 Transport, Inc. ("Class 1"), from Altoona, Pennsylvania to Class

1's facility in McVeytown, Pennsylvania.[3]  (Doc. 13, Ex. A ¶¶ 20-21, 23-24.)  Cox

owned the tractor he was operating at the time of the accident; however, the trailer

was owned by Class 1.  (Doc. 8 ¶ 14.)  At the time of the accident, Cox had completed

his work for the day and was driving to his home, with Kurey as a passenger.[4]

(Doc. 8 ¶¶ 14, 26-27.)  As a result of the accident, Kurey initiated the underlying case

in state court against Cox and Class 1.  (Doc. 8 ¶ 13.)

Plaintiff Canal Insurance Company ("Canal") issued Cox an insurance policy

covering his tractor for a period that included the date of the accident.  (Doc. 8 ¶ 10.)

The dispute in this case centers on several liability exclusions contained in the

policy, including an occupant hazard exclusion and an abandonment of work

exclusion.[5]  Generally, the occupant hazard exclusion does not provide coverage for

non-commercial passengers, while the abandonment of work exclusion does not

---

[3] The record in the underlying case reveals the following details about the relationship between Cox and Class 1:  Cox was employed by Class 1 for three and one-half years ending in May, 2002.  Thereafter, Cox operated as an independent contractor.  On September 25, 2003, Cox and Class 1 entered into a "Brokerage Agreement," in which Class 1 agreed to tender to Cox at least two shipments during the following year.  This agreement was not exclusive, and Cox remained free to make shipments for other parties.  (Doc. 13, Ex. A ¶¶ 8, 13, 15, 17-19.)

[4] The record in the underlying case reveals the following details about Cox's activities on the day of the accident:  After loading the pretzels in Altoona, Cox decided to have dinner with Kurey on the return trip.  Cox picked up Kurey, and the two planned to leave the tractor-trailer at Cox's home before going to the restaurant.  Cox was driving to his home to exchange vehicles at the time of the accident.  (Doc. 13, Ex. A ¶¶ 29, 32-34.)

[5] For the language of these exclusions, see infra notes 11 and 14, respectively.

provide coverage when the insured is not engaged in "work."  (See Doc. 8, Ex. A at

9, 19.)  There is also a dispute as to the effect of the policy's Motor Carrier Safety

Form 90 ("MCS-90") endorsement, which is required by federal law for trucks

engaged in interstate commerce.[6]  (See Doc. 8, Ex. A at 17-18.)

On October 26, 2005, Canal commenced the instant action, seeking a

declaration that it neither owes Cox coverage nor has a duty to defend or indemnify

Cox against Kurey's state claims.  Specifically, Canal asserts that application of the

policy's occupant hazard exclusion and/or abandonment of work exclusion obviates

its responsibility to cover Cox.  Canal also seeks a declaration that the policy's MCS-

90 endorsement does not apply because Cox was not involved in interstate

commerce at the time of the accident.  In the alternative, Canal seeks a declaration

that Cox must reimburse Canal should the MCS-90 endorsement, or any other

federal statute, obligate Canal to pay.[7]  (See Doc. 1.)  In response, Kurey filed the

instant motion to dismiss, arguing that the matter *sub judice* is unnecessarily

duplicative of the underlying case and that the court should exercise its discretion

---

[6] See infra note 12 for the requirements for application of the MCS-90
endorsement.

[7] Canal asserts that this count is not declaratory.  (See Doc. 15 at 17.)
However, Canal appears to seek reimbursement only for liabilities that it may incur
in the future, which may be considered declaratory relief.  (See Doc. 8 ¶ 44 (seeking
reimbursement to the extent "that it *is determined* . . . that Canal owes any
obligation to pay any sum or sums for bodily injury") (emphasis added)).  For the
limited purposes of this motion, the court will consider the entire action to be
declaratory and will determine the applicable standard of review accordingly.

to decline jurisdiction over this matter.  The motion has been fully briefed and is
ripe for disposition.

## II.    <u>Standard of Review</u>

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, vests the federal
courts with jurisdiction to "declare the rights and other legal relations of any
interested party seeking such declaration."  <u>See</u> <u>State Auto Ins. Cos. v. Summy</u>, 234
F.3d 131, 133 (3d Cir. 2000).  The Supreme Court has characterized the Declaratory
Judgment Act as "an enabling Act, which confers a discretion on the courts rather
than an absolute right upon the litigant."  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277,
287 (1995) (internal quotations omitted) (citations omitted).  Thus, district courts
"wield broad and selective discretion" in determining whether to entertain a
declaratory judgment action.  <u>State Farm Mut. Auto Ins. Co. v. Lavanture</u>, 2006 WL
1344051, at *2 (M.D. Pa. May 16, 2006).

## III.   <u>Discussion</u>

Although vested with jurisdiction by the Declaratory Judgment Act, the
courts are under "no compulsion to exercise that jurisdiction."  <u>Brillhart v. Excess</u>
<u>Ins. Co. of America</u>, 316 U.S. 491, 494 (1942).  To the contrary, the courts should
decline to grant declaratory relief when such relief "would impinge on a state
proceeding . . . [or] result in a conflict between the decisions of state and federal
courts."  <u>Travelers Ins. Co. v. Davis</u>, 490 F.2d 536, 544 (3d Cir. 1974).  In other words,
the federal courts should not permit a declaratory judgment action to be used as a

4

"method of procedural fencing, or as a means to provide another forum in a race for res judicata." Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1225 (3d Cir. 1989).

However, the mere pendency of a similar state court proceeding does not preclude a district court from granting declaratory relief. United States v. Commw. of Pa., Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991). Instead, a district court may proceed with a declaratory judgment action if it presents issues that cannot adequately be addressed in state court. Id.; see also Wilton, 515 U.S. at 282. In determining whether to proceed despite a pending state court action, a federal court should consider: (1) "the scope of the pending state court proceeding,"(2) the presence of issues of federal law, and (3) the presence of unsettled issues of state law.[8] Brillhart, 316 U.S. at 495; see also Summy, 234 F.3d at 136.

A. **Scope of Pending State Court Proceeding**

When a pending state proceeding and a federal declaratory proceeding present "the same issues . . . between the same parties," the federal court should

---

[8] The Third Circuit has suggested several other factors that the courts may consider, including: "(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." Commw. of Pa., Dep't of Envtl. Res., 923 F.2d at 1075 (quoting Terra Nova, 887 F.2d at 1224). These factors do not weigh heavily in this case. Neither party has raised issues of convenience, and the public interest is not manifestly implicated by this action.

decline to exercise jurisdiction in deference to the state court.[9]  <u>Brillhart</u>, 316 U.S. at

495; <u>see also</u> <u>Summy</u>, 234 F.3d at 135-36.  However, when different parties or issues

are involved, the federal court may appropriately use declaratory relief as a method

of resolving those issues that fall outside the purview of the state court proceeding.

<u>See, e.g.,</u> <u>Comm. of Pa., Dep't of Envtl. Res.</u>, 923 F.2d at 1076-77.

In the matter *sub judice*, the issues of insurance coverage presented by Canal

are not addressed in the underlying case.  To the contrary, the underlying case

concerns issues of Cox's negligence and his and Class 1's corresponding liability to

Kurey.[10]  (<u>See</u> Doc. 8, Ex. B.)  While variations of several of the issues presented in

the underlying case may also arise in the instant case, these issues are not so

pervasive as to result in duplicative litigation.  <u>Summy</u>, 234 F.3d at 134 (discussing

_____

[9] In the insurance context specifically, similar proceedings in state and federal courts can create a "conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit . . . as falling within the scope of a policy exclusion" in federal court.  <u>Summy</u>, 234 F.3d at 134.  Although Kurey argues that there is an "inherent conflict of interest" between Canal's duty to defend Cox in state court and its attempt to obtain declaratory relief in the instant action, this argument is misplaced.  <u>Id.</u>  A conflict of interest arises only if "the same factual question lies at the heart of both an insurance coverage dispute and the underlying tort action."  <u>Terra Nova</u>, 887 F.2d at 1225.  For example, in <u>Terra Nova</u>, both the state tort action and the federal declaratory judgment action turned on proof of the insured's intent at the time of the accident.  <u>Id.</u> at 1225-28.  In contrast, Kurey's underlying case centers around the issue of Cox's negligence, while the instant case concerns only issues of insurance coverage should Cox ultimately be found negligent.  (<u>Compare</u> Doc. 8, Ex. B at 5-10, <u>with</u> Doc. 8 at 5-12.)  Therefore, no conflict of interest exists.

[10] This case is unlike the situation in <u>Summy</u>, wherein the Third Circuit declined to exercise jurisdiction over a declaratory judgment action because a *parallel declaratory judgment* action was pending in state court.  <u>Summy</u>, 234 F.3d at 135.

"[a]voidance of duplicative litigation" as an appropriate factor for consideration in declaratory judgment actions involving insurance coverage).  For instance, an ongoing issue in the underlying case concerns whether Cox was acting as Class 1' s agent at the time of the accident.  (See Doc. 13, Ex. A at 10-13.)  A similar issue in the instant case concerns whether Cox was engaged in "work" at the time of the accident.[11]  (See Doc. 8 ¶¶ 25-28.)  If this court determined that Cox was engaged in "work" at the time of the accident, the state court would not be forced to conclude that Cox was working as an agent of Class 1; the state court could just as easily conclude that Cox was working for his own trucking company, Paul Cox Trucking.  (See Doc. 13, Ex. A ¶¶ 5, 8.)  These issues are similar, but not duplicative; therefore, declining jurisdiction is not warranted on these grounds.

Significantly, Canal is not a party in the underlying case.  (See Doc. 15 at 1.)  Therefore, the court concludes that Canal's grievances cannot be effectively adjudicated in state court.  See Brillhart, 316 U.S. 491, 495 (discussing the requirement that all parties' claims "can satisfactorily be adjudicated" in state court before a federal court declines jurisdiction).

---

[11] Canal argues that Cox was not engaged in "work" and that, as a result, the abandonment of work exclusion removes Canal's responsibility to cover Cox.  The abandonment of work exclusion reads as follows:

Exclusions:  This insurance does not apply:
. . .
(I) to bodily injury or property damage arising out of the named insured's work after that work has been completed or abandoned.

(Doc. 8, Ex. A at 19.)

For these reasons, the court finds that the limited scope of the underlying case weighs against declining jurisdiction over the instant declaratory judgment action.

## B.   Issues of Federal Law

A district court's discretion to decline jurisdiction over a declaratory judgment action is further limited when the issues include "federal statutory interpretation, the government's choice of a federal forum, . . . sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134; see also Commw. of Pa., Dep't of Envtl. Res., 923 F.2d at 1079 (stating that "affirmative questions of federal statutory interpretation . . . create federal interests sufficient for the exercise of jurisdiction").

Construction of insurance policies is generally a matter of state law. See, e.g., Keystone Filler & Mfg. Co. v. Am. Mining Ins. Co., 179 F. Supp. 2d 432, 437 (M.D. Pa. 2002). However, the MCS-90 endorsement[12] is required by federal law, see 49 C.F.R. § 387.1-.17; see also Canal Ins. Co. v. Sherman, 430 F. Supp. 2d 478, 486 (E.D.

---

[12] An MCS-90 endorsement does not constitute insurance coverage *per se*. Progressive Cas. Ins. Co. v. Hoover, 809 A.2d 353, 360 n.11 (Pa. 2002). Rather, the endorsement establishes the minimum levels of financial responsibility required of companies in the business of transporting property in "interstate or foreign commerce." 49 C.F.R. §§ 387.3, 387.5, 387.9. Its purpose is to ensure that a financially responsible party will be available to compensate innocent third parties injured in accidents with trucks owned by such companies. Md. Cas. Co. v. City Delivery Serv., Inc., 817 F. Supp. 525, 530 (M.D. Pa. 1993). The endorsement is triggered only when the insurance policy to which it attaches does not otherwise provide coverage, Canal Ins. Co. v. Underwriters at Lloyd's London, 435 F.3d 431, 442 n.4 (3d Cir. 2006); it is, in essence, a "suretyship by the insurance carrier to protect the public." Id.

Pa. 2006), and federal law applies to determine its operation and effect, Harco Nat'l

Ins. Co. v. Bobac Trucking, Inc., 107 F.3d 733, 735 (9th Cir. 1997); see also

Progressive Cas. Ins. Co. v. Hoover, 809 A.2d 353, 361 (Pa. 2002); cf. Carolina Cas.

Ins. Co. v. Ins. Co. of N. Am., 595 F.2d 128 (3d Cir. 1979) (employing federal law to

determine applicability of similar federal regulations).

One of the disputes in this case centers on the MCS-90 endorsement's limited

application to "truckers engaged in *interstate* commerce."  See Sherman, 430 F.

Supp. 2d at 486 n.4 (emphasis added).  Canal contends that Cox was not engaged in

interstate commerce at the time of the accident because he was merely transporting

a shipment of pretzels from one part of Pennsylvania to another.  (See Doc. 8 ¶ 36;

Doc. 13, Ex. A ¶ 24.)  Kurey counters that Cox was engaged in interstate commerce

because the final destination of the shipment Cox was transporting was Texas.  (See

Doc. 13 at 5.)  Resolution of this issue requires application of federal law defining

interstate commerce.  Harco, 107 F.3d at 735.  Clearly, a federal issue exists, which

weighs against declining jurisdiction over the instant action.

## C.   **Unsettled Issues of State Law**[13]

In declaratory judgment actions involving unsettled issues of state law,

federal courts are free to "'step back' and allow the state courts the opportunity" to

resolve such issues.  Summy, 234 F.3d at 136.  However, federal courts need not

---

[13] For purposes of this motion, the court will accept the moving party's
position that to the extent state law is applicable to this case, Pennsylvania law
controls.  (See Doc. 13 at 9-10.)

subvert their own interests to the interests of state courts.  See Commw. of Pa.,
Dep't of Envtl. Res., 923 F.2d at 1079.  In addition, federal courts are routinely called
upon to apply, or even predict, the substantive law of a state.  Robertson v. Allied
Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990) (citing Erie R.R. Co. v. Tompkins, 304
U.S. 64 (1938)).  The application required in a declaratory judgment action is no
different.  Therefore, federal courts are not compelled to dismiss a declaratory
judgment action simply because it presents unsettled issues of state law.

 In the matter *sub judice*, Kurey argues that construction of the occupant
hazard exclusion presents a novel and unsettled issue of Pennsylvania law.[14]  (See
Doc. 13 at 9.)  Nevertheless, given that the instant case also presents a
countervailing issue of federal law, see supra Part III.B, the unsettled nature of
state law is insufficient to warrant declining jurisdiction.

---

[14] The occupant hazard exclusion reads as follows:

OCCUPANT HAZARD EXCLUDED

It is agreed that such insurance as is afforded by the policy for Bodily Injury
Liability does not apply to Bodily Injury including death at any time resulting
therefrom, sustained by any person while in or upon, entering or alighting
from the automobile.

It is further agreed that, in the event the company shall, because of provision
of the Federal or State statutes become obligated to pay any sum or sums of
money because of such bodily injury or death resulting therefrom, the
insured agrees to reimburse the company for any and all loss, costs and
expenses paid or incurred by the company.

(Doc. 8, Ex. A at 9.)

IV.   <u>**Conclusion**</u>

The underlying case is too narrow in scope to provide an adequate resolution

of the issues presented by Canal in the instant case.  Furthermore, the MCS-90

endorsement raises an issue of federal law, which is best addressed by this court.

The federal court's interest in the construction of the MCS-90 endorsement

outweighs the countervailing state interest in the interpretation of the occupant

hazard exclusion.  Therefore, the court will deny Kurey's motion to dismiss.

An appropriate order will issue.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      October 2, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CANAL INSURANCE COMPANY** | : | **CIVIL ACTION NO. 1:05-CV-2194** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL COX TRUCKING, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of October, 2006, upon consideration of the motion to dismiss (Doc. 12), filed by defendant Andrew David Kurey, Jr., and plaintiff's motions for oral argument (Docs. 21, 64), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The motion to dismiss (Doc. 12) is DENIED.

2.    The motions for oral argument (Docs. 21, 64) are DENIED as moot.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge